**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMARI J. MOODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-02059 (UNA) |
| | ) | |
| | ) | |
| JENNIFER H. REARDEN *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a "Consolidated Complaint for Damages and Declaratory Relief" and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff is a resident of Dacula, Georgia. He sues in their individual capacities U.S. District Judge Jennifer H. Rearden and U.S. Magistrate Judge Valerie Figueredo of the Southern District of New York. In the prolix complaint, Plaintiff alleges that Defendants' orders issued in his four civil actions assigned to them violated his rights under the First and Fifth Amendments. *See generally* Compl., ECF No. 1. He "does not challenge [the] judicial rulings on their merits" but rather "documents a pattern of structural constitutional defects established from the face of Defendants' own signed orders[.]" *Id.* ¶ 5. Plaintiff seeks compensatory and punitive damages and various forms of equitable relief. *See id.* at 15-16. "For people in Bivens' shoes," however, "it is damages or nothing." *Bivens*, 403 U.S. at 410 (Harlan, J., concurring in judgment); *see Wilson v. Layne*, 526 U.S. 603, 609 (1999) (*Bivens* "allow[s] a plaintiff to seek money damages

from government officials who have violated his [constitutional] rights.); *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("*Bivens* actions are for damages.").

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (citations omitted). Such applies here because judges are absolutely immune from suits for damages premised on "actions taken in [their] judicial capacity" within their jurisdiction. *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). Defendants' immunity extends to allegations of "judicial mistakes or wrongs," which "are open to correction through ordinary mechanisms of review[.]" *Forrester v. White*, 484 U.S. 219, 227 (1988). Immunity aside, this action brought against federal judges who have "done nothing more than their duty" is not only "meritless," *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995), but is "patently frivolous," *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C.), *aff'd*, 455 F. App'x 1 (D.C. Cir. 2011) (per curiam). Therefore, this case will be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

A separate order accompanies this opinion.

_________/s/___________
AMIT P. MEHTA
United States District Judge

Date: August 19, 2026